JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WILLIAM F. KERSHNER II

**DEFENDANTS**

GWYNEDD MERCY UNIVERSITY

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 42 U.S.C. §12101, et seq. ("ADA"); 43 P.S. §951, et seq. ("PHRA")

Brief description of cause:
Plaintiff brings this action against her former employer for unlawful discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
November 24, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Doylestown, PA _____

Address of Defendant: _____ 1325 Sumneytown Pike, Gwynedd Valley, PA 19437 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2021    _____    314179

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | | B. | Diversity Jurisdiction Cases: |
|----|------------------------|---|----|-------------------------------|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Lane J. Schiff _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/24/2021    _____    314179

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

WILLIAM F. KERSHNER II            :        CIVIL ACTION
                                       :
                 v.              :
GWYNEDD MERCY UNIVERSITY     :
                                         :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 11/24/2021 | | Plaintiff, William F. Kershner II |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM F. KERSHNER II** | : | |
| Doylestown, PA 18902 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GWYNEDD MERCY UNIVERSITY** | : | **JURY TRIAL DEMANDED** |
| 1325 Sumneytown Pike | : | |
| Gwynedd Valley, PA 19437 | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

## I.   INTRODUCTION

Plaintiff, William Kershner II, brings this action against his former employer, Gwynedd Mercy University, for unlawful discrimination and retaliation, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff seeks all damages allowable under the law, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.   PARTIES

1.     Plaintiff, William Kershner II, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Doylestown, Pennsylvania.

2.     Plaintiff was born in May 1970.

3.      Defendant is an educational institution maintaining a place of business located at 1325 Sumneytown Pike, Gwynedd Valley, Pennsylvania 19437.

4.      At all times material hereto, Defendant acted by and through its authorized agents and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

5.      At all times material hereto, Defendant was an employer within the meanings of the statutes that form the basis of this matter.

6.      At all times material hereto, Plaintiff was an employee within the meanings of the statutes that form the basis of this matter.

## III.    JURISDICTION AND VENUE

7.      The causes of action that form the basis of this matter arise under the ADEA, the ADA, and the PHRA.

8.      The District Court has jurisdiction over Count I (ADEA) and Count II (ADA), pursuant to 28 U.S.C. §1331.

9.      The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

10.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

11.     On September 30, 2019, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

2

12.     On September 1, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue regarding his Complaint.  Attached hereto and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

13.     Plaintiff is filing this complaint within ninety (90) days from his receipt of this notice.

14.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

15.     Plaintiff was employed by Defendant from on or about May 24, 2004 until on or about August 1, 2019, the date of his unlawful termination of employment.

16.     Plaintiff consistently performed his job duties in a highly competent manner and received positive performance ratings.

17.     Plaintiff most recently held the position of Systems Manager.

18.     In or about May 2017, Plaintiff's then supervisor resigned from Defendant, at which time the position of Director of Enterprise Systems and Security became vacant.

19.     Plaintiff applied for the open Director of Enterprise Systems and Security position.  Plaintiff was qualified and interviewed for the position. Defendant failed to promote Plaintiff into the Director of Enterprise Systems and Security position.

20.     Defendant instead hired Jason Palmer (then approximate age 39) into the Director of Enterprise Systems and Security position. Plaintiff was more qualified than Palmer for this position.

21.     Plaintiff thereafter began reporting to Palmer in or about July 2017.

3

22.     At the time Plaintiff began reporting to Palmer, the following employees additionally reported to Palmer: Joseph Zegestowsky (then age 29), Systems Administrator; Mathew Felke (then age 35), Web Developer, and Zeaul Hoque (approximate age 54), Network Technician.

23.     Throughout the course of Plaintiff's employment, Palmer made numerous comments that evidence a bias towards older individuals.  Such comments include, without limitation:

a.     he hoped when Kevin O'Flaherty, Vice President for Finance and Administration (approximate age 70), retired that his replacement would be "under sixty (60)" years of age;

b.     O'Flaherty was "old" and would "probably like a coupon;"

c.     O'Flaherty was "five thousand (5,000) years old;"

d.     O'Flaherty was "about seventy-five (75,000) years old;"

e.     a problem with O'Flaherty was that "he's old;"

f.     an employee was "like, one hundred (100) years old" and would "probably die soon;"

g.     an employee who was approximately age seventy (70) was "going to be dead at the office one day;"

h.     he would not give "some seventy (70) year old woman full admin access to one of [Defendant's] servers," in response to whether the Systems Librarian should have remote access to a server;

i.     an approximately fifty-eight (58) year old Title IX Officer, "look[ed] creepy;" and

4

j.      the human resources representative at his prior job was "old as dirt."

24.     In addition to making numerous comments evidencing an age bias, Palmer treated Plaintiff differently, worse, and in a more hostile and dismissive manner than he treated younger and/or non-disabled employees.

25.     Palmer ignored Plaintiff and excluded him from certain meetings, activities, and communications related to his job duties.

26.     Palmer went out to lunch, joked and interacted with employees while ignoring and excluding Plaintiff.

27.     Palmer prevented Plaintiff from collaborating and working with other employees on projects.

28.     In or about December 2017, Plaintiff notified Palmer and Joseph Pupo, Chief Information Officer, that needed to undergo his second open-heart surgery in or about February 2018 and, as a result, would need to take a medical leave of absence for approximately eight (8) weeks.

29.     In connection with Plaintiff's open-heart surgery, Plaintiff took a medical leave of absence from on or about February 21, 2018 through on or about April 23, 2018.

30.     From on or about April 23, 2018 until on or about April 30, 2018, Plaintiff worked half days and avoided heavy lifting.

31.     Upon Plaintiff's return from his medical leave of absence, Palmer assigned to him more menial and less significant tasks than he had performed prior to his medical leave and assigned more significant tasks to Zegestowsky.

32.     On or about June 5, 2018, Palmer became irate with Plaintiff during a meeting, cursed at him, and threatened that if Plaintiff said "one more word," Palmer would "fire" him "right here."

33.     On or about January 11, 2019, Plaintiff complained of discrimination to Pupo and Rosina Dever, Director of Human Resources.  Plaintiff complained, without limitation, that Palmer repeatedly made age biased comments, was targeting Plaintiff, setting him up for failure, and treating him worse than younger employees.

34.     Defendant failed to take appropriate corrective or remedial measure.

35.     Following Plaintiff's discrimination complaint, Palmer unjustly criticized his performance.

36.     Plaintiff was treated in a more hostile and dismissive manner than he was prior to his complaint of discrimination.

37.     Plaintiff was not provided the necessary or requested support in connection with his job duties.

38.     Plaintiff was denied training opportunities related to his job duties.

39.     In or about February 2019, Defendant terminated Hoque, allegedly due to his job performance. Defendant assigned Hoque's job duties to Zegestowsky.

40.     On or about May 7, 2019, Defendant placed Plaintiff on a Corrective Action Notice ("CAN").

41.     The CAN was unjustified and contained misrepresentations and false statements.

42.     On or about May 8, 2019, Plaintiff again complained of discrimination to Pupo and Dever.

6

43.     Plaintiff complained, without limitation, that he was placed on a CAN that contained misrepresentations and false statements, and that Palmer continued to make age-biased comments, target Plaintiff, set him up for failure, and treat him worse than younger employees.

44.     Defendant failed to take appropriate corrective or remedial action.

45.     On or about May 15, 2019, Plaintiff complained to Dever that Palmer did not like older people, including Plaintiff.  Plaintiff further complained that he experienced anxiety and stress since working for Palmer and that Plaintiff's physician had prescribed medication for his anxiety.

46.     Defendant failed to take appropriate corrective or remedial action.

47.     On or about August 1, 2019, Defendant terminated Plaintiff's employment.

48.     The stated reason at the time of Plaintiff's termination was that Defendant no longer felt the position was a good fit for him.

49.     Defendant's stated reason for terminating Plaintiff's employment is a pretext.

50.     Upon Plaintiff's information and belief, Defendant assigned Plaintiff's job duties to younger, nondisabled, and/or noncomplaining employees.

51.     Plaintiff's age was a determinative and motivating factor in Defendant's decision to terminate his employment.

52.     Plaintiff's actual and/or perceived disability and/or record of impairment was a determinative and motivating factor in Defendant's decision to terminate his employment.

53.     Plaintiff's engaging in protected activity was a determinative and motivating factor in in Defendant's decision to terminate his employment.

54.     Plaintiff's engaging in protected activity was a determinative and motivating factor in Defendant's treatment of Plaintiff, including, without limitation, unjustly criticizing his

performance, failing to provide the necessary and requested support in connection with his job duties, denying training opportunities, and placing him on a CAN.

55.     Defendant's conduct would dissuade a reasonable employee from making complaints.

56.     Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and/or remedial measures to make the workplace free of discriminatory and retaliatory conduct.

57.     Defendant subjected Plaintiff to a hostile work environment because of his age and/or actual and/or perceived disability and/or record of impairment and/or his engaging in protected activity.

58.     Plaintiff was subjected to severe and/or pervasive conduct that interfered with his ability to perform his job duties and was not welcomed by Plaintiff, thereby creating a hostile work environment.

59.     The conduct to which Plaintiff was subjected was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile and/or abusive.

60.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures.

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

62.     Plaintiff incorporates the paragraphs above, as if set forth herein in their entirety.

63.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADEA.

64.     Defendant's violations of the ADEA were intentional and willful under the circumstances.

65.     Defendant's violations of the ADEA warrants the imposition of liquidated and punitive damages.

66.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

67.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

68.     No previous application has been made for the relief requested herein.

## COUNT II – ADA

69.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the ADA.

71.     Defendant acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

72.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

73.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees

incurred as a result of the unlawful behavior complained of herein.

74.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

75.     Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

76.     By discriminating and retaliating against Plaintiff, Defendant violated the PHRA.

77.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

78.     Plaintiff has incurred and is entitled to reasonable costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

79.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

a.     declaring the acts and practices complained of herein to be a violation of the ADEA;

b.     declaring the acts and practices complained of herein to be a violation of the ADA;

c.     declaring the acts and practices complained of herein to be a violation of the PHRA;

d.     enjoining and restraining permanently the violations alleged herein;

e.     awarding Plaintiff back-pay;

10

f.     awarding Plaintiff front-pay;

g.     awarding interest;

h.     awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

i.     awarding liquidated damages;

j.     awarding punitive damages;

k.     awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

l.     awarding Plaintiff such other damages as are appropriate under the ADEA, ADA, and the PHRA; and

m.     granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**


Date:   November 24, 2021          By: _____

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
William Kershner II

11

# EXHIBIT A

Received

SEP 3 0 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                            :

**WILLIAM F. KERSHNER II**              :          Docket No.  20190261 9

v.                                      :

RESPONDENT:                             :

**GWYNEDD MERCY UNIVERSITY**            :

1. The Complainant herein is:

   Name:          William F. Kershner II
   Address:       <span style="background:black;color:red">redacted</span>

2. The Respondents herein are:

   Name:          Gwynedd Mercy University
   Address:       1325 Sumneytown Pike, P.O. Box 901
                  Gwynedd Valley, PA 19437

3. I, William F. Kershner II, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (49) and my disability (including history of and regarded as), and retaliation because I complained of age discrimination, as set forth below.

### Discrimination and Retaliation

**A. I specifically allege:**

[1]        I was hired by Respondent on or about May 24, 2004.

[2]        I consistently performed my job duties in a highly competent manner, and received positive performance ratings.

[3]        I had more than fifteen (15) years of service at Respondent.

[4]        I last reported to Jason Palmer (38[1]), Director of Enterprise Systems and Security. Palmer reported to Joseph Pupo (42), Chief Information Officer. Pupo reported to Kevin O'Flaherty (70), Vice President for Finance and Administration. O'Flaherty reported to Deanne Horner D'Emilio (55), President.

[5]        I last held the position of Systems Manager.

[6]        Before I began reporting to Palmer, I reported to John Reilly (67), Director of Enterprise Systems and Security, until in or about May 2017, when Reilly left Respondent.

[7]        In or about June 2017, I applied for the open Director of Enterprise Systems and Security position. I was qualified and interviewed for the position.

[8]        In or about July 2017, Respondent failed to promote me to the open Director of Enterprise Systems and Security position. Instead of promoting me, Respondent hired Palmer (38). The stated reason was that, while my qualifications were excellent, the external candidate was selected for the position. I was more qualified for the position than the substantially younger, external candidate that Respondent hired.

[9]        In or about July 2017, I began reporting to Palmer.

[10]       The following employees reported to Palmer, in addition to me: Joseph Zegestowsky (28), Systems Administrator; Matthew Felke (35), Web Developer; and Zeaul Hoque (54), Network Technician.

[11]       At the time of my termination, I was the oldest employee reporting to Palmer.

---

[1] All ages herein are approximations.

[12]        At the time of my termination, I was the only disabled employee reporting
to Palmer.[2]

[13]        Palmer treated me differently and worse, and in a more hostile and
dismissive manner, than he treated younger employees.

[14]        Palmer ignored me and excluded me from certain meetings, activities, and
communications related to my job duties.

[15]        Palmer went out to lunch, joked, and interacted with younger and/or
nondisabled employees while ignoring and excluding me.

[16]        Palmer prevented me from collaborating and working with other
employees on projects but allowed younger and/or nondisabled employees to collaborate and
work together.

[17]        Palmer commented that, when O'Flaherty (70) retired, he hoped the
replacement would be "under sixty [60] years old."

[18]        Palmer commented, regarding O'Flaherty, that "he's old; he's a nice guy,
but he's old."

[19]        Palmer commented that O'Flaherty was "old" and "would probably like a
coupon."

[20]        Palmer commented that O'Flaherty was "five thousand [5,000] year old."

[21]        Palmer commented that O'Flaherty was "about seventy-five thousand
[75,000] years old," and laughed.

[22]        Palmer commented that Barbara McHale (70), Assistant to the President,
was "like, one hundred [100] years old and would probably die soon, and that would eliminate
the storage problem."

---

[2] All references herein to an employee not having a disability are to the best of my knowledge.

[23]     Palmer commented that McHale was "going to be dead at the office one day."

[24]     Palmer commented, in response to whether Nancy McGarvey (55), Systems Librarian, should have remote access to a server, that he was not going to "give some seventy [70] year old woman full admin access to one of our servers."

[25]     Palmer commented that Robert Wood (58), Title IX Officer, "look[ed] creepy."

[26]     Palmer commented that the human resources representative at his prior job was "old as dirt."

[27]     In or about December 2017, I informed Palmer and Pupo that I was required to undergo a second open-heart surgery in or about February 2018. I stated that I would need to take a medical leave of absence for approximately eight (8) weeks, for the surgery and recovery. I asked to be kept informed of projects while I was on a medical leave of absence, and requested to, upon my return, work half days for the first week before returning to work full time. Respondent granted my accommodation request.

[28]     In February 2018, I underwent my second open-heart surgery.

[29]     From February 21, 2018 to April 23, 2018, I was out of work on a medical leave of absence.

[30]     From April 23, 2018 to April 30, 2018, I worked half days, as an accommodation for my disability and recovery. I also requested, and was granted, the accommodation of avoiding heavy lifting for a period of a few weeks.

[31]     On or about May 1, 2018, I returned to work full time from my medical leave of absence.

[32]     Upon my return from my medical leave of absence, Palmer assigned to me more menial and less significant tasks than I had been performing before my medical leave of absence, and assigned more significant tasks to Zegestowsky (28). I was more qualified and experienced to handle the significant tasks than the nondisabled, substantially younger employee to whom these tasks were assigned.

[33]     On or about May 5, 2018, in a meeting with Palmer, Zegestowsky, and Felke, Palmer told me that I did not "belong" there. When I attempted to continue to explain the issue we had been discussing, Palmer told me in a loud and threatening tone: "if you say one more word, I'll fire you right here." As I was leaving, Palmer yelled after me: "what the fuck, you have more experience than me!"

[34]     On January 11, 2019, in a meeting with Pupo and Rosina Dever (42), Director of Human Resources, I complained of age discrimination. I complained that Palmer was repeatedly making age-biased comments and treating me worse than he was treating the younger employees, and that I felt targeted and set up to fail by Palmer because of my age. I complained of many of the comments and much of the conduct included in this Complaint. I was told that Respondent would speak with Palmer in response to my complaint. I was told that it seems that Palmer and I were not communicating well and that there would be follow-up to try to "get on the same page."

[35]     Respondent failed to investigate my age discrimination complaint.

[36]     Respondent failed to remedy or prevent the age discrimination against me.

[37]     Following my age discrimination complaint, Palmer unjustly criticized my performance.

[38]     I was treated in a more hostile and dismissive manner than I was treated before I complained of age discrimination and worse than younger, nondisabled, and/or noncomplaining employees were treated.

[39].    I was not provided the necessary or requested support in connection with my job duties.

[40]     I requested and was denied training opportunities related to my job duties. Younger and/or nondisabled and/or noncomplaining employees were not denied training opportunities.

[41]     In February 2019, Respondent terminated Hoque (54). Respondent assigned Hoque's job duties to Zegestowsky (28). The stated reason was job performance.

[42]     On May 7, 2019, in a meeting with Palmer, Respondent placed me on a Corrective Action Notice ("CAN"). The stated reason was job performance. The CAN contained misrepresentations and false statements. My performance did not warrant a CAN. I had received a positive performance review on December 20, 2018.

[43]     The stated reason for placing me on a CAN is pretext.

[44]     Respondent placed me on a CAN because of my age, disability, and/or age discrimination complaints.

[45]     Younger, nondisabled, and/or noncomplaining employees were not placed on a CAN.

[46]     My performance was equal to, if not better than, younger, nondisabled, and/or noncomplaining employees' performance who were not placed on a CAN.

[47]     On or about May 8, 2019, in a meeting with Pupo and Dever, I complained of age discrimination. I stated that I was placed on a CAN that contained

misrepresentations and false statements, and complained that Palmer continued to make age-biased comments, target me, set me up to fail, and treat me worse than younger employees.

[48]  Respondent failed to investigate my age discrimination complaint.

[49]  Respondent failed to remedy or prevent the age discrimination against me.

[50]  On or about May 15, 2019, in a meeting with Dever, I complained that I believed that Palmer did not like older people, including me, and that I have experienced a lot of anxiety and stress since working for him. I stated that I had been prescribed medication for anxiety by my family doctor.

[51]  Respondent failed to investigate my age discrimination complaint.

[52]  Respondent failed to remedy or prevent the age discrimination against me.

[53]  I complied with the CAN.

[54]  Respondent did not offer me support or follow up on my progress related to the CAN.

[55]  On August 1, 2019, in a meeting with Pupo and Caroline Kolesnik (30), Human Resources Generalist, Respondent terminated my employment, effective immediately. The stated reason was that Respondent no longer felt that my position was a good fit for me.

[56]  Respondent's stated reason for terminating my employment is pretext.

[57]  Respondent terminated my employment because of my age and/or my disability and/or my age discrimination complaints.

[58]  I was the only employee reporting to Palmer who was terminated on August 1, 2019.

[59]  I had no option or opportunity to remain employed with Respondent.

[60]     Respondent did not follow its progressive discipline policy or termination policy in connection with my termination.

[61]     On August 2, 2019, I learned that Respondent terminated Michelle Diehl (48), Director of Undergraduate Admissions.

[62]     Respondent has recently terminated and/or pushed out other older employees.

[63]     Respondent has assigned my job duties to younger, nondisabled, and/or noncomplaining employees.

[64]     Respondent's comments and conduct evidence a bias against older and/or disabled employees and/or employees who engage in protected activity.

B. Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (49) and my disability (including history of and regarded as), and retaliated against me because I complained of age discrimination, in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):**   **(a); (d)**

\_\_\_\_     Section 5.1 Subsection(s) _____

\_\_\_\_     Section 5.2 Subsection(s) _____

_____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

    **X**          **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

(c) Remedy the discriminatory and retaliatory effect of past practice(s) and

procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

___9/27/2019___                    _____
(Date Signed)                      (Signature)   William F. Kershner II
Address:                           redacted

# EXHIBIT B

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   **William Kershner, II**
<span style="background:black">redacted</span>

From:   **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2020-60682** | **Damon A. Johnson,**<br>**State. Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutter*

**Dana R. Hutter,**
**Deputy Director**

September 1, 2021
*(Date Issued)*

Enclosures(s)

cc:

**For Respondent:**
**GWYNEDD MERCY UNIVERSITY**

**Rufus A. Jennings**
**Deasey, Mahoney & Valentini**
**Via email: rjennings@dmvlawfirm.com**

**For Charging Party:**

**Rahul Munshi**
**Console Mattiacci Law, LLC**
**Via email: munshi@consolelaw.com**